CHRISTOPHER METZ

*v.*

JOHN W. LOWELL *et al.*

MECHANIC'S LIEN—*of sub-contractor.* If a party, furnishing labor or materials to a contractor for the erection of a building, desires to enforce a lien under the act of 1869, he must give notice to the owner in twenty days from the completion of his contract, or in twenty days after payment should have been made, and then he can recover no greater sum than is due from the owner to the original contractor.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellant.

Mr. DANIEL L. SHOREY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a petition, in the Superior Court of Cook county, by John W. Lowell and Samuel B. Barker, partners, doing business under the firm name of Lowell & Barker, dealers in lumber, plaintiffs, and against Thomas Lawrence and Neil McClain, partners, doing business under the firm name of Lawrence & McClain, carpenters and builders, and Christopher Metz, the owner of the premises, defendants, to enforce the lien of petitioners, as sub-contractors under Lawrence & McClain, in furnishing lumber, etc., for the building the latter had contracted to erect and finish for Metz, on his lots in Hyde Park, in Cook county.

A hearing was had by the court, and much testimony examined, resulting in a decree for petitioners as prayed.

The defendant Metz appeals, and makes two principal points why the decree should not stand. The first is, that the notice of the lien claimed by the petitioners was not served within twenty days of the completion of the sub-contract between petitioners and Lawrence & McClain, or within twenty days after payment became due thereon.

By the act amendatory of the Mechanic's Lien Law, approved April 5, 1869, it is provided that a laborer, or one furnishing materials, shall give notice to the owner within twenty days from the completion of his sub-contract, or within twenty days after payment should have been made to the person performing the labor or furnishing material.

It was alleged in the petition, the last item of lumber was delivered on January 27, 1873, and notice of lien served on February 15, 1873, and within twenty days after January 27, 1873. This was controverted by the plea of defendants, which averred that the last item of lumber and material was delivered on January 24, 1873, and not thereafter, and that more

than twenty days had elapsed from the time of the delivery of the last item of lumber and the service of the notice.

Issue was taken on this plea, and, a jury being waived, it was tried by the court, who found against the plea, the court finding the last item of lumber was, in fact, delivered on January 27, 1873, and the notice in time.

It is insisted by appellant, the court found against the weight of evidence on this point. We have examined the testimony carefully, and, though there is some apparent conflict, occasioned by the lack of means of knowledge on one part and superior means on the other part, we are well convinced the evidence greatly preponderates in favor of the finding of the court. It is as well established as any such fact can be established, that the last item of lumber was delivered on January 27. Three disinterested witnesses on behalf of appellees gave the most positive statements as to the date. They had ample means of knowing the matters about which they were testifying, and they are uncontradicted. The witnesses on the part of appellant had not the same means of knowledge, and were not so positive and clear in their statements as the others, and in no degree do they unsettle the balance in appellees' favor.

The remaining point is, that, on February 15, 1873, when the notice was served on appellant, he was not indebted to the contractors, Lawrence & McClain, and at the time of the trial the contractors were not indebted to appellees on account of the materials delivered by them to appellant.

On this point there is much statement, and some evidence of a convincing character. The court found there was due from the contractors, Lawrence & McClain, to appellant, one thousand five hundred thirty dollars and seventy-eight cents; that, at the time of the service of the notice on appellant, there was due from him one thousand and seven dollars, from which appellant was entitled to a deduction, for the delay in completing the work, of three hundred dollars, and appellees were entitled to a lien for seven hundred and seven dollars.

We are of opinion the evidence would have justified a

finding of a greater amount due from appellant, for, on the 31st of January, 1873, the contractors drew on him for one thousand five hundred thirty dollars and seventy-eight cents, in favor of appellees, on account of this work, which, on presentation, appellant did not deny he owed, and proposed giving his note at sixty days for the amount. This is strong evidence that amount was then due. Deducting from this, three hundred dollars for the delay, and one hundred and fifty dollars in the services of appellant in his supervision of the work and gathering materials for that purpose, there would be more than one thousand dollars due, for which a decree might have passed. The contractors do not complain of the amount found against them, and we do not think appellant has any ground of complaint.

The evidence sustains the decree, and it must be affirmed.

*Decree affirmed.*